142 F.3d 1122
 98 Cal. Daily Op. Serv. 2418, 98 Daily Journal
D.A.R. 3347
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Ruben HINOJOSA-GONZALEZ, aka Carlos Gonzales; Carlos
Gonzalez; Carlos Hinojosa; Carlos Sotelo; El
Mojarra, Defendant-Appellant.
 No. 96-50584.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Dec. 31, 1997.
Withdrawn April 2, 1998.
Decided April 2, 1998.
 
 Alan M. Dershowitz, Cambridge, MA, Nathan Z. Dershowitz, New York City, for Defendant-Appellant.
 Jeffrey Rawitz, Asst. U.S. Atty., Los Angeles, CA, for Plaintiff-Appellee.
 Appeal from the United States District Court for the Central District of California, Harry L. Hupp, District Judge, Presiding. No. CR-95-998-HLH.
 Before: BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 The opinion filed December 31, 1997 is withdrawn, and the attached opinion filed in its place.
 
 
 2
 With this change, the panel votes to deny the petition for rehearing and reject the suggestion for rehearing en banc.
 
 
 3
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. See Fed. R.App. P. 35.
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 OPINION
 PER CURIAM:
 
 5
 Following his plea of guilty to four drug possession counts under 21 U.S.C. § 841(a)(1), and one conspiracy to possess with intent to distribute count under 21 U.S.C. §§ 841(a)(1), 846, Carlos Hinojosa-Gonzales was sentenced to 480 months in prison and 20 years of supervised release, and was fined $3 million. He appeals his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
 
 
 6
 * Hinojosa argues the district court failed to provide him with adequate notice of the grounds for its decision to grant the Government's upward departure motion, as required by Federal Rule of Criminal Procedure 32. See Burns v. United States, 501 U.S. 129, 138, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991); United States v. Rafferty, 911 F.2d 227, 230 (9th Cir.1990). We assess the adequacy of notice de novo. See United States v. Karterman, 60 F.3d 576, 583 (9th Cir.1995).
 
 
 7
 In Burns, the Supreme Court highlighted Rule 32's goal of "focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence," 501 U.S. at 134, 111 S.Ct. at 2185, and concluded this "requires the district court [to] give the parties reasonable notice" of "the ground on which the district court is contemplating an upward departure," id. at 138-39, 111 S.Ct. at 2187-88. If Hinojosa did not receive adequate notice, we must vacate his sentence and remand for resentencing.
 
 
 8
 The Government correctly notes that the fact of Hinojosa's extensive history of narcotics trafficking--the basis for the court's upward departure--was well known to both parties. Hinojosa was likewise aware the court might depart based on this history--both the Pre-Sentence Report and the prosecution's sentencing brief recommended it do so.
 
 
 9
 As the Government admits, however, the ultimate grounds for the court's departure--a combination of U.S.S.G. § 4A1.3(e) (prior unpunished criminal conduct) and U.S.S.G. § 2D1.1, cmt. 17 (extraordinary drug quantity)--was only advanced at the sentencing hearing itself.
 
 
 10
 We reject the Government's argument that Rule 32 and Burns require notice of the factual but not the legal grounds for departure. Both factual and legal grounds for departure are within Rule 32's reach. See Burns, 501 U.S. at 134, 137, 111 S.Ct. at 2185, 2186-87; United States v. Nuno-Para, 877 F.2d 1409, 1415 (9th Cir.1989) (notice of both "conclusions" and "facts" underlying sentence is required).
 
 
 11
 Since Hinojosa was denied his right to adequate notice under Rule 32, we vacate his sentence and remand for further consideration. Since we reverse on notice grounds, we do not address Hinojosa's argument that the district court erroneously departed on the vertical rather than horizontal sentencing axis.II
 
 
 12
 Appellant's sentence is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion.