Cir.1990) (*quoting Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982)).

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scott Daniel McMILLAN,
Defendant–Appellant.**

**No. 00–10019.
D.C. No. CR–97–00560–JMR.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided July 2, 2001.

Before SCHROEDER, Chief Judge, WALLACE, and TALLMAN, Circuit Judges.

MEMORANDUM *

McMillan appeals from his sentence. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction of this timely filed appeal pursuant to 28 U.S.C. § 1291. We vacate the sentence and remand for resentencing.

McMillan argues that his sentence must be vacated because neither he nor his counsel received an addendum to the presentence report prior to sentencing. The government does not dispute that McMillan was entitled to and did not receive a copy of the addendum, but it argues that any error was harmless. We review the adequacy of notice de novo. *See United States v. Hinojosa–Gonzalez*, 142 F.3d 1122, 1123 (9th Cir.1998). Both factual and legal grounds relied on by the district court at sentencing are within the reach of the notice requirements of Federal Rule of Criminal Procedure 32. *See id.*

We have held that harmless error analysis for lack of notice at sentencing is appropriate only "if it is clear that no prejudice resulted." *United States v. Sustaita*, 1 F.3d 950, 954 (9th Cir.1993). McMillan argues that had he and his counsel known

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the contents of the addendum they would have been able to emphasize that, although the language of the addendum appeared to require a mandatory consecutive sentence, the district court retained discretion under our case law to implement a concurrent sentence. *See United States v. Petty*, 80 F.3d 1384, 1389 (9th Cir.1996) ("If defendant and his counsel had been given an opportunity to review the ... memorandum before the sentencing hearing, they might have challenged the probation department's previously unexplained rationale in not recommending a downward departure.").

The government points out that just prior to pronouncing sentence the district judge twice referred to the addendum, commenting that he was going to sentence McMillan to a range of 63 to 68 months based "in particular [on] the addendum to the presentence report." At no time, however, did the district court describe the contents of the addendum. Further, at the beginning of the sentencing hearing, the district court asked of defense counsel only, "Have you and your client had an opportunity to read and discuss the presentence report?" While the prosecutor stated, "I do believe that counsel has obviated the court from considering Note 6 which specifically talks about this situation where we have the supervised release revocation involved," there is no indication that this "Note 6" was further explained or ever identified as being the subject of the addendum. Thus, this case is unlike *United States v. Hernandez*, 251 F.3d 1247 (9th Cir.2001), in which we applied plain error review because defense counsel failed to object after "the district court said at the beginning of the sentencing hearing that it was considering departing upward," and "[t]he court thoroughly explained both the factual and legal grounds that might justify an upward departure and permitted

counsel the opportunity to comment at length before imposing sentence." *Id.* at 1251.

We hold that the error in this case was not harmless because (1) McMillan and his attorney did not receive notice of the contents of the addendum until after sentence was pronounced, (2) McMillan was thereby precluded from arguing against the addendum's position to the district judge, and (3) the district judge explicitly relied on the addendum in pronouncing sentence. Because we hold that McMillan's sentence must be vacated on the grounds of inadequate notice, we do not reach the other arguments for vacatur advanced by McMillan.

SENTENCE VACATED AND RE-MANDED FOR RESENTENCING

