**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Howard HERNANDEZ, Defendant–Appellant.**

**No. 00–50220.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2001

Filed May 31, 2001

---

Korey House, Elizabeth A. Newman, Office of the Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Miriam A. Krinsky, Maurice M. Suh, Office of the U.S. Attorney, Criminal Division, Los Angeles, California, for the plaintiff-appellee.

Before: RYMER, HAWKINS, and GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

Howard Hernandez appeals the thirty-six month sentence imposed by the district court following his guilty plea to (1) conspiracy to affect interstate commerce by extortion; (2) extortion; and (3) filing a false tax return. Hernandez argues that the district court failed to provide adequate notice of its intention to depart upward at sentencing, as required by Federal Rule of Criminal Procedure 32. Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Hernandez was employed as a Deputy Labor Commissioner from approximately 1980 to January 1998. Hernandez was responsible for enforcing California Department of Labor Standards Enforcement regulations in the garment industry. Hernandez was required to inspect businesses for potential violations of state regulations governing worker employment conditions, wages, and payments.

In 1989, Hernandez met Edwin Kim,[1] who owned and operated a garment sewing business. Hernandez cited Kim's business for violations, but later accepted a $3,000 cash bribe to eliminate that citation and prevent future inspections. Until 1995, Kim paid Hernandez cash bribes varying from $200 to $500 per month to avoid citations and receive advance notice of garment industry inspections.

During this period, Kim and Hernandez became friends. Kim began to serve as Hernandez's intermediary, obtaining bribes from other garment manufacturers. Kim used his Korean language skills to communicate with garment manufacturers, negotiate and collect cash bribes, and deliver the bribes to Hernandez.

On February 23, 1998, Hernandez reported to the Internal Revenue Service a taxable income of $97,976 for the 1997 calendar year. This was an understatement and did not represent income Hernandez received from bribes during 1997.

On April 21, 1999, a federal grand jury returned an indictment charging Hernandez with conspiracy to affect interstate commerce by extortion in violation of 18 U.S.C. § 371 and extortion in violation of 18 U.S.C. § 1951. The government filed a first superseding information, adding the charge of filing a false tax return in violation of 26 U.S.C. § 7206(1). Pursuant to a written plea agreement, Hernandez pleaded guilty to all five counts contained in the first superseding information.

The presentence report calculated that Hernandez had a total offense level of seventeen and a criminal history category of II. The section of the report entitled "FACTORS THAT MAY WARRANT DEPARTURE" provided: "The Probation Officer has not identified any factors that would warrant a departure from the guidelines." The presentence report calculations were identical to the stipulations contained in the written plea agreement. The plea agreement also provided that "the government shall make no motion for upward departure."

On April 6, 2000, the district court conducted a sentencing hearing. At the outset of the hearing and before making any findings, the district court offered its initial evaluation of the presentence report. The court first said that it was inclined to apply a four-level upward adjustment based on Hernandez's role as the leader or organizer of the offense. The court also said that it was considering an upward departure on grounds that Hernandez's conduct was "part of a systematic or pervasive corruption of a governmental function, or process, or office" that may have caused a loss of public confidence in government (citing U.S. SENTENCING GUIDELINES MANUAL § 2C1.1, Application Note 5). Finally, the court indicated that restitution as calculated by the presentence report appeared to be appropriate.

After stating its initial views, the district court explained: "My purpose in telling you all this, [counsel, is] to give you an opportunity to address the issues which I think are important." Defense counsel replied: "Your honor, with respect to the leader/organizer, I would like additional time to brief that, if that would be possible. I'm prepared to go forward on the restitution argument."[2] Defense counsel did not,

---

1. Kim is a defendant in a related case that is not at issue here.

2. The district court rejected defense counsel's request for additional time, explaining that "[t]his is a case that has been very thoroughly briefed. The facts are very clear. The plea agreement is clear.... The only question is whether there is any basis to find that [Hernandez] directed the activities of Kim...." Following this exchange, defense counsel stated: "I would just like to state for the record

however, request additional time to address the potential upward departure on grounds of "systematic or pervasive corruption of a governmental function." Rather, defense counsel addressed the merits, arguing that an upward departure was unwarranted because the eight-level adjustment imposed for the estimated amount of fines evaded by garment manufacturers adequately accounted for the seriousness of the offense.

After argument, the district court accepted the initial Guidelines calculation stated in the presentence report. The court then exercised its discretion to depart upward two levels on grounds of corruption of a governmental function. The court imposed a sentence of thirty-six months imprisonment, three years supervised release, restitution in the amount of $283,650, and $450 in special assessments.

Hernandez appeals the district court's two-level upward departure, which increased his offense level from seventeen to nineteen and increased his Guidelines range from twenty-seven to thirty-three months to thirty-three to forty-one months.

### I

 We assess the adequacy of notice de novo. *United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995). Because Hernandez failed to object to the district court's failure to provide adequate notice,[3] our review is for plain error. Fed. R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed

although they were not brought to the attention of the court."); *see also United States v. Olano,* 507 U.S. 725, 730–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

### II

Hernandez contends that the district court erred by failing to provide adequate notice of its intention to impose an upward departure before the sentencing hearing.

Federal Rule of Criminal Procedure 32(e)(1) provides that "[a]t the sentencing hearing, the court must afford counsel ... an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence...." As the Supreme Court has recognized, the purpose of Rule 32 is to promote "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." *Burns v. United States,* 501 U.S. 129, 137, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).

In *Burns,* the Supreme Court noted that "[i]n the ordinary case, the presentence report or the government's own recommendation will notify the defendant that an upward departure will be at issue and of the facts that allegedly support such a departure." *Id.* at 135, 111 S.Ct. 2182. In *Burns,* however, the district court had decided at the conclusion of the sentencing hearing—"on its own initiative"—that the factual and legal predicates for a departure were satisfied. *Id.* The Supreme Court vacated the sentence for inadequate notice, holding:

---

that I would like additional time. That's all, your honor."

**3.** Hernandez contends that defense counsel preserved an objection to the upward departure for corruption of governmental function, arguing "it is reasonably inferred from the record that counsel was requesting more time with respect to the issues that she was not prepared to argue...." We disagree. The

record clearly reflects that while counsel requested a continuance as to one proposed ground for departure, counsel did not make a similar request as to the ground now urged as error. Hernandez failed to preserve the challenge raised here and we review for plain error. *See United States v. Holland,* 880 F.2d 1091, 1095 (9th Cir.1989) ("blanket objection to admission of tape does not preserve an objection to failure to redact tape").

[B]efore a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the ground on which the district court is contemplating an upward departure.

*Id.* at 138–39, 111 S.Ct. 2182.

Although unequivocally establishing that Rule 32 requires "reasonable notice," the Court explicitly left open the question of when notice must be given to qualify as reasonable. The Court reasoned, "[b]ecause the question of the *timing* of the reasonable notice required by Rule 32 is not before us, we express no opinion on that issue. Rather, we leave it to the lower courts, which, of course, remain free to adopt appropriate procedures by local rule." *Id.* at 139 n. 6, 111 S.Ct. 2182 (emphasis in original); *see also United States v. Lopez–Cavasos,* 915 F.2d 474, 478 (9th Cir.1990) (noting that Rule 32 "allows district courts to adopt a procedure pursuant to which the parties have an opportunity to comment at the sentencing hearing").

■ Burns makes clear that the timing of the reasonable notice is left in the first instance to the "lower courts" that actually impose the sentences—the district courts.

Consistent with *Burns,* we leave to the individual districts the task of fashioning rules detailing when their courts must give notice of an intent to depart.[4]

■ Congress has provided a statutory mechanism for promulgation of local rules by the district courts, which assures opportunity for public notice and comment, review by the judicial council of the relevant circuit, and availability to the public. *See* 28 U.S.C. § 2071. Local rules are "laws of the United States," *United States v. Hvass,* 355 U.S. 570, 575, 78 S.Ct. 501, 2 L.Ed.2d 496 (1958), and a district court's failure to comply with a local rule may be grounds for reversal if prejudice results. *In re Matter of Telemart Enters.,* 524 F.2d 761, 766 (9th Cir.1975).

■ In the absence of a formally enacted rule, a district court "judge may regulate practice in any manner consistent with federal law, [Federal Rules of Criminal Procedure], and local rules of the district." Fed.R.Crim.P. 57(b); *United States v. Warren,* 601 F.2d 471, 473 (9th Cir.1979). Given the discretion entrusted to district courts, it is incumbent upon counsel to object and seek a continuance in circumstances where counsel believes that the district court provided inadequate notice to permit preparation for the proposed departure. *See United States v. Baker,* 63 F.3d 1478, 1500 (9th Cir.1995) ("A challenge to an adjustment of an offense level

4. Our precedent makes clear that district courts must in any case provide notice of a potential departure not later than the outset of the sentencing hearing. *See United States v. Hedberg,* 902 F.2d 1427, 1428 (9th Cir. 1990) (holding that defense counsel "must be accorded an opportunity to comment on the potential grounds for departure prior to the imposition of sentence"); *United States v. Rafferty,* 911 F.2d 227, 230 (9th Cir.1990); *United States v. Nuno–Para,* 877 F.2d 1409, 1415 (9th Cir.1988).

Hernandez contends that *United States v. Hinojosa–Gonzalez,* 142 F.3d 1122, 1123 (9th

Cir.1998), establishes that a defendant is denied the right to adequate notice under Rule 32 when notice of an intended departure is given at the sentencing hearing. We disagree. The issue addressed in *Hinojosa–Gonzalez* was whether the defendant must receive notice of both factual and legal grounds for departure. The opinion did not analyze or discuss the issue presented here—whether notice given at the outset of the sentencing hearing is sufficient where defense counsel has a meaningful opportunity to comment.

must be raised specifically at sentencing in order to afford the district court an opportunity to correct any potential error. A challenge that is not properly raised in the district court is waived.") (emphasis omitted). If notice of an intended departure is first given at the outset of a sentencing hearing and an objection is then made requesting additional time, we trust that the district court will give the request careful consideration.

 In light of these principles, we hold that the district court did not plainly err in sentencing Hernandez. Although neither the presentence report nor the government's sentencing memorandum identified factors warranting departure from the Guidelines, the district court said at the beginning of the sentencing hearing that it was considering departing upward. The court thoroughly explained both the factual and legal grounds that might justify an upward departure and permitted counsel the opportunity to comment at length before imposing sentence. This was all done with detailed concern for the facts and assiduous attention to the rights of both parties to comment and be heard. Counsel for Hernandez did not object to the district court's failure to provide notice of the upward departure in advance of the sentencing hearing and did not request a continuance to address the departure at issue in this appeal.[5] And, importantly demonstrating the opportunity to comment and be heard, defense counsel thoroughly argued against the imposition of an upward departure on grounds of corruption of a governmental function.

---

**5.** While we express no opinion on the merits of such a claim, we note that Hernandez may raise the failure to object or seek a continuance in a claim alleging ineffective assistance of counsel in a subsequent habeas corpus

## CONCLUSION

We hold that the district court provided adequate notice of its intention to depart upward at sentencing as required by Federal Rule of Criminal Procedure 32.

**AFFIRMED.**

proceeding. *See United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir.1991) (claims of ineffectiveness of defense counsel in federal criminal trials customarily are dealt with on collateral attack).