**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Andrew James GARVER, Defendant—
Appellant.**

**No. 05–30104.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Jan. 5, 2006.

---

Gregory R. Nyhus, SAUSA, USPO–Office of the U.S. Attorney Mark O. Hatfield

U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Christopher J. Schatz, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM *

Andrew Garver appeals his sentence. He pled guilty to knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). The plea agreement recommended a sentencing guideline range of forty-six to fifty-seven months' imprisonment. The District Court sentenced Garver to seventy-one months based on facts proved by a preponderance of the evidence that showed Garver's victim to be unusually vulnerable.

Garver makes four claims: (1) the retroactive application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to his sentence violated ex post facto principles; (2) due process required the District Court to find proved beyond a reasonable doubt any fact it relied upon in sentencing Garver; (3) the District Court violated due process by breaching Garver's plea agreement because it failed to require proof beyond a reasonable doubt of the facts used to enhance Garver's sentence; and (4) the District Court erred by applying the vulnerable victim enhancement to Garver's sentence.

We reject all of Garver's contentions and affirm the District Court.

## DISCUSSION

■ First, Garver contends the retroactive application of *Booker* to his sentence violated ex post facto principles. This Circuit recently rejected a similar contention in *United States v. Dupas*, 419 F.3d 916, 919–21 (9th Cir.2005) (holding that retroactive application of *Booker* to sentencing decisions that were not yet final at the time *Booker* was issued does not violate ex post facto concerns of due process). Following *Dupas*, we reject Garver's retroactivity claim.

■ Second, Garver claims due process requires that the facts relied upon by the District Court in applying the vulnerable victim enhancement be proved beyond a reasonable doubt. *United States v. Howard*, 894 F.2d 1085 1090 (9th Cir.1990), held that sentencing facts need only be proved by a preponderance of the evidence. Post-*Booker*, this Court re-affirmed the holding of *Howard* in *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir.2005) (en banc), and *United States v. Dare*, 425 F.3d 634, 642 (9th Cir.2005). Therefore, we reject Garver's second claim.

■ Third, Garver's plea agreement contained a clause requiring that all sentencing issues be resolved "according to the standard of beyond a reasonable doubt." The District Court acknowledged the existence of this clause in Garver's plea colloquy. Garver contends this acknowledgment gave rise to a settled expectation that the District Court would apply a reasonable doubt standard to the resolution of all sentencing issues. Because the Court relied on sentencing facts proved only by a preponderance of the evidence, Garver

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this Circuit except as provided by Ninth Circuit Rule 36–3.

claims his due process rights were violated. *Cf. Landgraf v. USI Film Prods.*, 511 U.S. 244, 266, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (stating that the Due Process Clause may be violated when fair notice is not given of a change in settled expectations).

Garver entered into his plea agreement under Fed.R.Crim.P. 11(c)(1)(B). Sentencing recommendations contained in pleas under Rule 11(c)(1)(B) are not binding on the sentencing court. The District Court warned Garver that his sentencing rested in the sole discretion of the Court. In addition, because the sentencing guidelines were no longer mandatory at the time of Garver's sentencing, he could not have otherwise expected the reasonable doubt standard to be applied at his sentencing. *See Booker*, 125 S.Ct. at 738; *Dupas*, 419 F.3d at 921. Therefore, Garver could not have had a settled expectation that the facts used to enhance his sentence had to be found beyond a reasonable doubt.

■ Fourth, the District Court did not clearly err by applying the vulnerable victim enhancement to Garver's sentence. The Court properly relied on undisputed facts contained within the Presentence Report, *Ameline*, 409 F.3d at 1085, to conclude that Garver's victim's unstable home life and prior sexual abuse made her unusually vulnerable to Garver's crime. *Cf. United States v. Williams*, 291 F.3d 1180, 1196 (9th Cir.2002) (per curiam) (finding a victim uniquely vulnerable to exploitation due to her mental condition that "followed from the facts that she had been raped by her mother's boyfriend when she was seven and that her mother had a serious chemical dependency").

■ The application of the vulnerable-victim enhancement to Garver's sentence also did not constitute an impermissible double counting of certain facts. *See United States v. Wetchie*, 207 F.3d 632,

634 (9th Cir.2000) (noting that the vulnerable-victim enhancement should not be applied "if the factor giving rise to vulnerability is already incorporated in the offense guideline"). Here, the District Court relied on different factual subsets in applying the "temporary custody, care or control" enhancement versus the vulnerable-victim enhancement to Garver's sentence. Garver had temporary custody or control over the victim because she lived in his house for nearly two years prior to the commission of the crime and Garver was her softball coach. The victim's unusual vulnerability, however, stemmed from her earlier experiences of sexual abuse and life in a troubled home. Even if this troubled early life was the reason for Garver's later custody of the victim, double counting still does not exist because the custody enhancement addresses the harm caused by Garver's abuse of his own status, which differs from the harm caused by exploitation of the victim's vulnerable status. *Cf. United States v. Skillman*, 922 F.2d 1370, 1377–78 (9th Cir.1991) (holding that no double punishment exists when an enhancement related to the means by which a crime was committed and one related to the susceptibility of the victim of the criminal conduct are both applied).

■ Finally, the District Court did not plainly err by informing defense counsel of its intent to depart from the recommended sentencing guideline range immediately prior to the sentencing hearing because it also offered counsel a continuance, which counsel rejected, and allowed counsel to argue against the enhancement during the sentencing hearing. *See United States v. Hernandez*, 251 F.3d 1247, 1250 (9th Cir. 2001).

AFFIRMED.