**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benjamin GARCIA–RENTERIA,
Defendant–Appellant.**

**No. 06–50410.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed April 25, 2007.

Richard C. Cheng, Esq., Roger W. Haines, Jr., Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shereen J. Charlick, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

### MEMORANDUM *

Benjamin Garcia–Renteria appeals his 60–month sentence imposed after he pled guilty to one count of encouraging and inducing an illegal alien to enter the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (v)(II). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We reverse and remand for resentencing.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Garcia–Renteria argues that the district court failed to give adequate notice of its intent to sentence outside the Sentencing Guidelines range. Because he failed to object at sentencing to the adequacy of notice, his claim is reviewed for plain error. *See United States v. Evans–Martinez*, 448 F.3d 1163, 1166 (9th Cir. 2006). Reviewing for plain error, we hold that the district court failed to give adequate notice.

Fed.R.Crim.P. 32(h) provides:

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Prior to the adoption of Rule 32(h), the Supreme Court held that "Rule 32 contemplates full adversary testing of the issues relevant to a Guidelines sentence" and gives the parties an opportunity to comment on matters relating to the appropriate sentence. *Burns v. United States*, 501 U.S. 129, 135, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). Rule 32(h) was adopted in 2002 to incorporate the holding from *Burns*. *See Evans–Martinez*, 448 F.3d at 1166–67; *United States v. Hernandez*, 251 F.3d 1247, 1250–51 (9th Cir.2001). The district court must provide adequate notice to the parties of both the factual and legal grounds for departure from the Guidelines range. *United States v. Hinojosa–Gonzalez*, 142 F.3d 1122, 1123 (9th Cir.1998) (per curiam) (holding that there was not adequate notice where "the ultimate grounds for the court's departure ... was only advanced at the sentencing hearing itself," even though the defendant was aware that

the court might depart based on his history of narcotics trafficking, which was discussed in the Presentence Report and the government's sentencing brief.). At a minimum, the district court must provide this notice "not later than the outset of the sentencing hearing." *Hernandez*, 251 F.3d at 1251 n. 4. Rule 32(h) notice is required post-*Booker*, as it was pre-*Booker*. *Evans–Martinez*, 448 F.3d at 1167.

Here, the district court did not give adequate notice of its intent to sentence outside the Guidelines range [1] on a ground not identified in the presentence report or prehearing submissions. It did not give notice at the outset of the sentencing hearing, and its calculation of 51–60 months as the proper Guidelines range was done as part of its explanation for the sentence it had already decided to impose. Thus, Garcia–Renteria was deprived of his opportunity to subject the issues relevant to his sentence to "full adversary testing."

■ Moreover, none of the district court's grounds for departure (U.S.S.G. §§ 5K2.0, 5K2.9, and 5K2.21) were identified in the Presentence Report, and only § 5K2.21 was identified in a party's prehearing submission, the plea agreement. Garcia–Renteria did not have sufficient notice that the district court would impose a 16–level upward variance because in the plea agreement the government had agreed to only a four-level departure for his prior apprehensions under § 5K2.21. *See Evans–Martinez*, 448 F.3d at 1166–67 (holding that although the "disturbing nature" of the facts were contained in the Presentence Report, "Evans–Martinez did not receive explicit notice that the district court was contemplating sentencing him above the 10 year term suggested by the Guidelines; in fact he expected the exact opposite in light of the Government's

---

1. Pursuant to the plea agreement, the parties recommended at the sentencing hearing a 13–month sentence, the middle of the 10– to 16–

month Guidelines range. The Probation Office calculated a range of 18 to 24 months and recommended a 21–month sentence.

statement in the plea agreement that it intended to move for a downward departure."). Based on the plea agreement and the parties' prehearing submissions, Garcia–Renteria was not on notice that the district court was contemplating a 16–level upward variance for his prior uncharged conduct.

We reverse and remand for resentencing because we "cannot be confident that the issues which impacted sentencing were thoroughly tested as intended under Rule 32(h)." *Id.* at 1167. The district court may consider awaiting the Supreme Court's decisions in *Rita v. United States,* No. 06–5754, and *Claiborne v. United States,* No. 06–5618, and our court's decisions in *United States v. Carty,* No. 05–10200, and *United States v. Zavala,* No. 05–30120, before resentencing.

**REVERSED AND REMANDED.**

---

\* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.