**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Humberto MORA–ANGEL,
Defendant–Appellant.**

No. 05–50599.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Dec. 17, 2007.

Alessandra P. Serano, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Holly Sullivan, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM *

Humberto Mora–Angel ("Mora–Angel") appeals his 50 month sentence imposed by the district court following his guilty plea to one count of transporting illegal aliens and aiding and abetting the same, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for re-sentencing.

Mora–Angel argues that the district court erred in failing to give him adequate notice of its intent to depart upward from the guideline range that applied to his offense.[1] We agree.

Federal Rule of Criminal Procedure 32(h) provides that "the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." We recently held in *United States v. Evans–Martinez,* 448 F.3d 1163, 1167 (9th Cir. 2006), that this rule applies post-*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because Mora–Angel did not object to lack of notice at his sentencing hearing, we review his claim for plain error. *See Evans–Martinez,* 448 F.3d at 1166. Plain

1. Under *United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006), we no longer distinguish between upward "departures" and "variances."

error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* If plain error occurred, relief is warranted where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The district court failed to give Mora–Angel notice of its intent to impose an above-guideline sentence that included the court's factual and legal basis for so doing. *Evans–Martinez,* 448 F.3d at 1167 (explaining that parties must receive notice of the basis for the variance so that the issues can be "fully aired"); *United States v. Hinojosa–Gonzalez,* 142 F.3d 1122, 1123 (9th Cir.1998) (per curiam) ("Both factual and legal grounds for departure are within Rule 32's reach."); *see also* Fed.R.Crim.P. 32(h); *Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (holding that notice must state the specific grounds for the departure).

The district court's failure to do so constitutes plain error, necessitating re-sentencing. *Evans–Martinez,* 448 F.3d at 1167 ("The district court's plain error in failing to provide notice of its intent to sentence above the Guideline range 'seriously affect[ed] the fairness, integrity, or public reputation' of the sentencing proceeding.") (internal citation omitted, alteration in original).[2]

**VACATED and REMANDED.**

2. Because we vacate and remand for re-sentencing, we need not consider Mora–Angel's argument that his sentence was unreasonable. *See United States v. Cantrell,* 433 F.3d 1269, 1287 (9th Cir.2006); *Evans–Martinez,* 448 F.3d at 1167 n. 3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).