**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry Alexander PHILLIPS,**
**Defendant–Appellant.**

No. 07–50229.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Dec. 17, 2007.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jennifer L. Coon, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

### MEMORANDUM *

Henry Alexander Phillips ("Phillips") appeals his 12 month sentence imposed by the district court following his guilty plea to one count of importing marijuana in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for re-sentencing.

Phillips argues that the district court erred in failing to give him adequate notice of its intent to depart upward from the guideline range that applied to his offense.[1] We agree.

Federal Rule of Criminal Procedure 32(h) provides that "the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." We recently held in *United States v. Evans–Martinez,* 448 F.3d 1163, 1167 (9th Cir. 2006), that this rule applies post-*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because Phillips did not object to lack of notice at sentencing, we review his claim for plain error. *See Evans–Martinez,* 448 F.3d at 1166. Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* If plain error occurred, relief is warranted where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The district court failed to give Phillips notice of its intent to impose an above-guideline sentence by the outset of the sentencing hearing. *United States v. Hernandez,* 251 F.3d 1247, 1251 n. 4 (9th Cir.2001) ("[D]istrict courts must in any case provide notice of a potential departure no later than the outset of the sentencing hearing."). It was not until the district court imposed sentence that it informed the parties of its decision to impose an above-guidelines sentence.

The district court's failure to give timely notice of its intent to impose an above-guidelines sentence constitutes plain error, necessitating re-sentencing. *Evans–Martinez,* 448 F.3d at 1167 ("The district court's plain error in failing to provide notice of its intent to sentence above the Guideline range 'seriously affect[ed] the fairness, integrity, or public reputation' of the sentencing proceeding.") (internal citation omitted, alteration in original).[2]

**VACATED and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Under *United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006), we no longer distinguish between upward "departures" and "variances."

2. Because we vacate and remand for re-sentencing, we need not consider Phillip's argument that his sentence was unreasonable. *See United States v. Cantrell,* 433 F.3d 1269, 1287 (9th Cir.2006); *Evans–Martinez,* 448 F.3d at 1167 n. 3.