**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jay Vaughan GREGORY, Jr., aka; Jeremiah Gregory; Jeremy Gregory, Defendant–Appellant.**

**No. 07–30064.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2008.*

Filed Feb. 6, 2008.

Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Jay Vaughan Gregory, Jr., Logan, UT, pro se.

Before: FISHER, GOULD and IKUTA, Circuit Judges.

MEMORANDUM **

Jay Vaughan Gregory, Jr., appeals his sentence of 20 years imprisonment imposed by the district court following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gregory argues that the district court did not give notice pursuant to Federal Rules of Criminal Procedure Rule 32(h) that it would be imposing a sentence above the Sentencing Guidelines range. Because Gregory failed to raise this objection to the

district court, we review this claim for plain error. *United States v. Hernandez,* 251 F.3d 1247, 1250 (9th Cir.2001). Here, the district court notified Gregory that it contemplated a departure at the outset of the sentencing hearing and provided Gregory with ample opportunity to address the district court's intention in light of the factors established by 18 U.S.C. § 3553(a). Because we have indicated that a district court's notice of a potential departure at the outset of the sentencing hearing may constitute reasonable notice of a departure for purposes of Rule 32, *see Hernandez,* 251 F.3d at 1251 n. 4, we conclude that the district court did not plainly err in its compliance with this rule.

Gregory also argues that the district court placed a burden on him of proving that the statutory maximum sentence was unreasonable. There is nothing in the record to support Gregory's argument, and we conclude it is without merit.

Finally, Gregory argues that the district court imposed an unreasonable sentence. The district court adequately considered the factors enumerated in 18 U.S.C. § 3553(a) at the sentencing hearing, stating a reasoned basis for the sentence. *See Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2468–70, 168 L.Ed.2d 203 (2007). The district court's sentencing decision was procedurally sound, and giving due deference to the district court's reasoned decision, we conclude that the sentence was reasonable. *See Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594–98, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**