**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin TUBBS, aka Dog; Bob,**
**Defendant–Appellant.**

No. 07–30250.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed Aug. 12, 2008.

67

Stephen F. Peifer, Esquire, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Marc P. Friedman, Esquire, Eugene, OR, for Defendant–Appellant.

Before: TALLMAN, CLIFTON, and, N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Appellant Kevin Tubbs appeals a 151–month sentence imposed following his guilty plea by negotiated agreement to a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

56–count Information arising out of multiple arsons in the Pacific Northwest. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it applied the terrorism enhancement, *see* United States Sentencing Guidelines ("U.S.S.G") § 3A1.4 (2000), to the United States Forest Service Oakridge Ranger Station arson after concluding that Tubbs created a serious risk of personal injury and intended to retaliate against government conduct.[1] Tubbs concedes that he failed to raise his *Apprendi* challenge before the district court. We therefore review for plain error. *See United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir. 2000), *overruled on other grounds by United States v. Buckland*, 289 F.3d 558 (9th Cir.2002).

■ *Apprendi* is not implicated unless the district court sentences a defendant above the statutory maximum. *United States v. Toliver*, 351 F.3d 423, 433 (9th Cir.2003). Although the calculated guideline range initially exceeded the statutory maximum for a conviction under 18 U.S.C. § 844(f), the district court properly adjusted downward. The resulting sentence of 151 months was well within the statutory maximum of 240 months, and therefore did not infringe on Tubbs's Sixth Amendment rights.

■ The district court's conclusion that Tubbs intended to influence government conduct by burning the Oakridge Ranger Station was not clearly erroneous. *See United States v. Staten*, 466 F.3d 708, 713 (9th Cir.2006). The ranger station was government-owned property. In his plea agreement, Tubbs admitted that "[t]he primary purposes of the conspiracy were to influence and affect the conduct of government, commerce, private business and others in the civilian population."

■ The district court did not commit plain error by failing to give Tubbs adequate notice that it was considering an upward departure under U.S.S.G. § 5K2.0. *See United States v. Hernandez*, 251 F.3d 1247, 1250 (9th Cir.2001); *see also United States v. Evans–Martinez*, 530 F.3d 1164 (9th Cir.2008). In comparison to *Hernandez*, Tubbs here received more advanced and detailed notice of a possible upward departure. Prior to issuing its Memorandum Opinion, the district court held a hearing to allow the parties to address the legal application of U.S.S.G. § 3A1.4. During that hearing, the government stated that, as an alternative to applying the sentencing enhancement, the district court could exercise its discretion to depart upward under § 5K2.0. Moreover, the district court twice alluded to the possibility that it would upwardly depart in its Memorandum Opinion.

■ Tubbs cannot incorporate the arguments of co-conspirator Stanislas Gregory Meyerhoff in a related appeal that was voluntarily dismissed. Federal Rule of

---

1. In an Opinion and a Memorandum Disposition filed simultaneously with this Memorandum Disposition we affirm the sentences imposed by United States District Judge Ann L. Aiken on co-defendants Kendall Tankersley, No. 07–30334, and Jonathan Christopher Mark Paul, No. 07–30310, respectively. In *United States v. Tankersley*, 537 F.3d 1100 (9th Cir.2008), we hold that a sentence is reasonable where the district court departs upward twelve levels in order to achieve sentencing parity between co-defendants, where some defendants targeted government property and were properly subject to the terrorism enhancement, and others targeted only private property and were not. We incorporate the reasoning of that Opinion in addressing the sentencing appeals of all the co-defendants who raise the same issue in these related appeals.

Appellate Procedure 28(i) applies only to consolidated appeals.[2] *See United States v. Carpenter,* 95 F.3d 773, 774 n. 1 (9th Cir.1996). Furthermore, this case does not present such compelling factors as to allow us to exercise our discretion under Federal Rule of Appellate Procedure 2. *See United States v. Mkhsian,* 5 F.3d 1306, 1310 n. 2 (9th Cir.1993), *overruled on other grounds by United States v. Keys,* 133 F.3d 1282 (9th Cir.1998). The government has not had the opportunity to fully brief Meyerhoff's arguments as his appeal was dismissed before the government ever filed a responsive brief. Moreover, enforcing the rule in this context would not be unjust as we would not be depriving Tubbs of a benefit that another defendant received. *Cf. id.*

For the reasons set forth in the *Tankersley* opinion, we reject Tubbs's argument that the district court erred in sentencing him to 151 months. We hold that his sentence was adequately explained and is reasonable. *See United States v. Mohamed,* 459 F.3d 979, 987 (9th Cir.2006).

**AFFIRMED.**

**2.** We deny Tubbs's motion to consolidate his appeal with that of Meyerhoff in a separately filed order.