UNITED STATES of America,
Plaintiff–Appellee,

v.

Benjamin GARCIA–RENTERIA,
Defendant–Appellant.

No. 07–50340.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed Oct. 8, 2008.

Christopher P. Tenorio, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert R. Henssler, Jr., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

BEFORE: CANBY, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM *

Benjamin Garcia–Renteria appeals the 60–month sentence re-imposed by the district court on remand from *United States v. Garcia–Renteria*, 229 Fed.Appx. 595 (9th Cir.2007) (unpublished disposition). Garcia–Renteria had entered a plea agreement and pled guilty to one count of encouraging and inducing an illegal alien to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ The government did not breach the plea agreement. The government's two inquiries concerning the basis for the district court's upward departure did not constitute an attempt on the part of the government to alter its agreed-upon recommendation, *see United States v. Camarillo–Tello*, 236 F.3d 1024, 1027 (9th Cir.2001), or to influence the district court to impose a sentence harsher than the one jointly recommended by the parties, *see United States v. Mondragon*, 228 F.3d 978, 980–81 (9th Cir.2000). In both instances, the government merely sought, after the district court announced its sentence, a clarification of the reasoning underlying the district court's rejection of the parties' joint recommendation. At no point in the sentencing proceeding did the government endorse the reasoning of the district court or the sentence it ultimately imposed. *Cf. United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir.1999) (finding no breach where the government's recommendation, though unenthusiastic, was not "contradict[ed by] ... statements indicating a preference for a harsher sentence."). That the government's inquiries may have been motivated by a desire to protect the record in anticipation of defending the district court's sentence on appeal, as permitted by the plea agreement, does not make the inquiries improper. The government's inquiries were therefore permissible under the plea agreement and did not detract from Garcia–Renteria's enjoyment of the full benefit inherent in the parties' joint sentencing recommendation—i.e., the "present[ation of a] 'united front' to the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

court" in support of the recommended sentence. *Camarillo–Tello,* 236 F.3d at 1028.

We decline to review Garcia–Renteria's contention that his sentence was procedurally unreasonable because the district court misinterpreted three departure provisions of the Guidelines, U.S.S.G. §§ 5K2.0, 5K2.21, 5K2.9. "Where, as here, a district court frames its analysis in terms of a downward or upward departure, we treat the 'so-called departure[ ] as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable guidelines range,' and 'any post-*Booker* decision to sentence outside of the applicable guidelines range is subject to a unitary review for reasonableness, no matter how the district court styles its sentencing decision.' " *United States v. Tankersley,* 537 F.3d 1100, 1113–14 (9th Cir.2008) (quoting *United States v. Mohamed,* 459 F.3d 979, 987 (9th Cir.2006)). This rule, first announced in *Mohamed,* remains in force and is unaffected by the later decision of the Supreme Court in *Irizarry v. United States,* —— U.S. ——, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), and the decision of this court in *United States v. Evans-Martinez,* 530 F.3d 1164 (9th Cir.2008). *See Tankersley,* 537 F.3d at 1114 n. 11.

■ The district court did not commit reversible procedural error by failing to announce that it was applying the "clear and convincing evidence" standard of proof in concluding that a 47–month deviation from the median of the applicable Guidelines range was warranted in light of Garcia–Renteria's prior uncharged conduct. Even if we assume, without deciding, that the district court was required to find Garcia–Renteria's prior uncharged conduct by clear and convincing evidence, this heightened standard of proof is satisfied on this record. According to the Presentence Report, a routine records check uncovered 16 documented instances in which Garcia–Renteria was not prosecuted after being apprehended as he was attempting to smuggle illegal aliens into the United States;[1] in at least some of these instances, he used false documentation. Garcia–Renteria did not timely object to these factual statements as required by Federal Rule of Criminal Procedure 32(f)(1); accordingly, the district court was entitled to accept them as true. Fed.R.Crim.P. 32(i)(3)(A). To the extent Garcia–Renteria did raise an objection prior to his second sentencing hearing, his objection does not overcome his admission in the plea agreement that he "ha[d] been apprehended numerous other times attempting to smuggle illegal aliens for which [he] was not prosecuted."

■ The district court sufficiently explained its application of the § 3553(a) sentencing factors. The district judge carefully assessed the "need for the sentence imposed" in light of each of the four penological objectives set forth in § 3553(a)(2)—just punishment, deterrence, incapacitation and rehabilitation. 18 U.S.C. § 3553(a)(2). In addition, despite not being required to "tick off each of the § 3553(a) factors to show that it has considered them," *United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc), the district judge did explain his assessment of "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the kinds of sentences available," *id.* § 3553(a)(3), and "the need to avoid unwarranted sentence disparities among [similarly situated] defendants," *id.* § 3553(a)(6). Nothing more was required.

---

1. The Presentence Report contains a description of each of these law enforcement contacts.

■ Nor do we find Garcia–Renteria's sentence substantively unreasonable. We review for an abuse of discretion the reasonableness of the district court's sentencing decision. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *Carty,* 520 F.3d at 993. The district court recognized that a 60–month sentence constituted an "extensive departure" from the applicable Guidelines range, but found it was warranted in this "extremely extraordinary" case because, *inter alia,* Garcia–Renteria had engaged in "the same conduct, almost identical … over and over and over again." On this record, the district court did not abuse its discretion. *Carty,* 520 F.3d at 993 ("We may not reverse just because we think a different sentence is appropriate.").

Finally, we reject Garcia–Renteria's argument that, because his sentence is the product of judicial factual-finding, it violates the Sixth Amendment. Judicial fact-finding under the current regime of advisory Guidelines does not implicate the Sixth Amendment. *See United States v. Booker,* 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (Stevens, J.).

**AFFIRMED.**