FILED

**NOT FOR PUBLICATION**

DEC 30 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50088 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00732-RSWL-3 |
| v. | |
| THERESA HALL, aka Girl Blue, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted December 11, 2009
Pasadena, California

Before:    REINHARDT, TROTT, and WARDLAW, Circuit Judges.

Theresa Hall appeals the district court's imposition of two supervised release conditions following her guilty plea to violations of 18 U.S.C. §§ 370 (conspiracy), 2113(a), (d) (attempted and armed bank robbery), and 924(c) (discharge of a firearm during and in relation to a crime of violence).  Hall also appeals the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court's imposition of a 121-month prison term as unreasonable under 18 U.S.C. § 3553(a).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review for plain error the adequacy of the district court's notice of supervised release conditions because Hall did not object at sentencing.  See United States v. Hernandez, 251 F.3d 1247, 1250 (9th Cir. 2001).  The district did not plainly err in providing Hall with notice that it could impose a twenty-hour-per-week community service condition because U.S.S.G. § 5F1.3 contemplates the imposition of community service.  See United States v. Wise, 391 F.3d 1027, 1032-33 (9th Cir. 2004).

We likewise review for plain error the challenged supervised release conditions because Hall did not object at sentencing.  See United States v. Sales, 476 F.3d 732, 735 (9th Cir. 2007).  The district court did not plainly err in imposing the community service condition because this condition is related to Hall's rehabilitation, further education, and prevention of recidivism.  See United States v. Vega, 545 F.3d 743, 748 (9th Cir. 2008).  The district court did not plainly err in imposing gang-related conditions because of Hall's known affiliation with the Rollin' 30s Harlem Crips gang.  See United States v. Soltero, 510 F.3d 858, 865-67 (9th Cir. 2007) (per curiam).

2

We do not review Hall's contention that the district court's imposition of a 121-month sentence was unreasonable under 18 U.S.C. § 3553(a) because, as demonstrated by the statements of counsel and Hall at sentencing, both the government and Hall understood that a final offense level of 20 triggered the appellate waiver in the plea agreement. See United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993) ("In construing an agreement, [we] must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.").

We have considered and reject all other issues raised on appeal.

**AFFIRMED.**