[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14700
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20450-MGC

MARIO SIMBAQUEBA BONILLA,

Plaintiff-Appellant,

versus

U. S. DEPARTMENT OF JUSTICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 11, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Mario Simbaqueba Bonilla, a federal prisoner proceeding *pro se*, appeals the district court's grant of summary judgment on his complaint brought against the U.S. Department of Justice (the "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), upon finding that he failed to exhaust administrative remedies because his administrative appeal was filed out-of-time.

Under FOIA, an individual may request public records from an agency, and the agency must provide the records unless the statute exempts the information from disclosure.  5 U.S.C. § 552(a)(3), (b).  An agency must decide whether to comply with a request within 20 business days after receiving it.  *Id.* § 552(a)(6)(A)(i).  The agency must immediately notify the requestor of its decision, and, if it denies the request, must state the reason for doing so and inform the requestor of the right to appeal the decision to the head of the agency.  *Id.* "The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  Although not a jurisdictional requirement, exhaustion of administrative remedies is a condition precedent to filing a suit in federal court.  *Id.* at 1367-68; *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979).

Section 16 of Title 28 of the Code of Federal Regulations contains the rules and procedures that the Department follows in processing records requests under

FOIA.  28 C.F.R. § 16.1(a).  If a requestor is dissatisfied with the Department's response to a FOIA request, he may appeal to the Department's Office of Information Policy ("OIP"), but the appeal must be in writing and "must be received by the [OIP] within 60 days of the date of the letter denying [the] request."  *Id.* § 16.9(a).

In September 2009, Bonilla made a FOIA request to the Department for various documents.  After receiving a letter from the Department, dated April 7, 2010, stating that it was denying his request, Bonilla sent a letter from prison administratively appealing the denial to the OIP.  He dated the letter May 11, 2010, but did not provide any evidence or allege that he gave the letter to prison authorities to be mailed on that date.  The OIP received it on June 14, 2010, eight days outside of the 60-day limit in which to file an administrative appeal under FOIA.  The OIP closed his administrative appeal because Bonilla had not met the applicable deadline.  Bonilla then filed a complaint in federal court, requesting that the district court order the Department to release the documents that he requested. The district court granted summary judgment in favor of the Department upon finding that Bonilla failed to exhaust available administrative remedies because he failed to timely file his administrative appeal.

On appeal, Bonilla argues that the district court erred because (1) there was a genuine issue of material fact as to the date the Department received his letter of

3

appeal because the letter contained two stamps: one clearly reading "received June 14, 2010," and one that was illegible; (2) the term "60 days" in 28 C.F.R. § 16.9(a) should be construed to mean 60 business days (rather than calendar days), which would make his appeal timely, even though it was received on June 14, 2010; and (3) under the prison mailbox rule, set forth in *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), his administrative appeal should be deemed "filed" on May 11, 2010, the date on his letter of appeal.  In his initial appellate brief, for the first time, Bonilla alleges that he gave his appeal letter to prison officials on May 11, 2010.

We review a district court's grant of summary judgment *de novo*, viewing all facts in the light most favorable to the non-movant.  *Ross v. Clayton County, Ga.*, 173 F.3d 1305, 1307 (11th Cir. 1999).  Under Federal Rule of Civil Procedure 56, a court will grant summary judgment if a movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  We may affirm on any grounds supported by the record.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).  Pleadings filed by a *pro se* litigant are construed liberally, but *pro se* litigants must nonetheless conform to procedural rules, including deadlines.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."), *overruled in part Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).  The Supreme Court has

4

explained that an agency's interpretation of its own regulations—even in a legal brief—is entitled to deference unless that interpretation (1) is plainly erroneous, (2) is inconsistent with the regulation, or (3) there is reason to suspect that the interpretation does not reflect that agency's fair and considered judgment. *Talk Am., Inc. v. Mich. Bell Tel. Co.*, 564 U.S. ___, ___, 131 S. Ct. 2254, 2260-61 (2011) (internal quotation marks omitted).

In *Houston*, the Supreme Court set forth the prison mailbox rule, holding that, for purposes of Federal Rule of Appellate Procedure 4(a)(1), a *pro se* prisoner's notice of appeal is "filed" on the date that the prisoner delivers the notice to prison authorities, rather than the date on which the court clerk receives the notice. 487 U.S. at 270-73, 108 S. Ct. at 2382-83. In reaching its decision, the Supreme Court explained that the Federal Rules of Appellate Procedure did not set forth criteria for when the moment of filing occurs. *Id.* at 272-73, 108 S. Ct. at 2383.

We have extended the rule set out in *Houston* from habeas corpus appeals to complaints filed by *pro se* prisoners under 42 U.S.C. § 1983 and under the Federal Tort Claims Act, 28 U.S.C. § 2671. *Garvey v. Vaughn*, 993 F.2d 776, 782-83 (11th Cir. 1993). However, we have not extended the prison mailbox rule to administrative appeals under FOIA, and research reveals no published decisions by

the Supreme Court or any other circuit court of appeals discussing the applicability of the prison mailbox rule under similar circumstances.

We conclude from the record that the district court properly granted summary judgment in favor the Department because Bonilla failed to exhaust administrative remedies.  First, the illegible stamp on Bonilla's letter of appeal does not create a genuine issue of material fact as to the date the letter was received because the appeal letter contained a legible stamp clearly indicating that the Department received it on June 14, 2010.  Second, the Department construes the term "60 days" in §16.9(a) to mean 60 calendar—rather than business—days, and that construction is entitled to deference because it is not plainly erroneous or inconsistent with the regulation, nor is there reason to suspect that it does not reflect the Department's fair and considered judgment.  *See Talk Am., Inc.*, 564 U.S. at ___, 131 S. Ct. at 2260-61.

Finally, we need not decide whether the prison mailbox rule extends to cases involving administrative FOIA appeals because here, even if it applied, it would not help Bonilla.  Bonilla's FOIA appeal letter contains the typed date "May 11, 2010," but he did not so much as allege in the district court that he gave the letter to prison authorities before the 60-day deadline in 28 C.F.R. § 16.9(a) expired.  Although in *Garvey*, we explained that prison authorities bear the burden of showing a *pro se* prisoner's date of delivering a document for mailing, *Garvey* is

6

distinguishable because, here, prison authorities were not a party to the lawsuit and Bonilla was the only person in a position to provide information concerning the date that he gave his appeal letter to prison authorities. *See Garvey*, 993 F.3d at 779–80. Because he did not even assert in the district court the date when he gave his letter to prison officials, the prison mailbox rule—even if applicable—would not have availed him. Therefore, we need not reach the issue of whether the prison mailbox rule would apply here. Under the circumstances of this case, we conclude that the district court properly granted summary judgment in favor of the Department, and, accordingly, we affirm the judgment.

**AFFIRMED.**[1]

---

[1] Bonilla's motion to file reply brief out-of-time is GRANTED.