**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Howard HERNANDEZ, Defendant–
Appellant.**

**No. 00–50220.**

United States Court of Appeals,
Ninth Circuit.

Filed Dec. 28, 2001.

Before: RYMER, HAWKINS, and GOULD, Circuit Judges.

**ORDER**

MICHAEL DALY HAWKINS, Circuit Judge.

The majority opinion filed May 31, 2001, is amended as follows:

1) Add the following concurrence by Judge Hawkins:

*United States v. Hernandez*, No. 00–50220

HAWKINS, Circuit Judge, concurring:

I concur in the judgment because the majority reaches the proper result on the record of this particular case. A better rule, I would suggest, for future cases would be to require advance notice when a district judge is considering a departure not contemplated by any plea agreement and not discussed in the presentence report. This would be consistent with the Supreme Court's teaching in *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). The operating principle of sentencing should be a fully-informed judge guided by fully-prepared counsel. Here, the district court gave notice at the start of the sentencing proceeding and counsel now seeks to raise on appeal a point not challenged at sentencing. Counsel should have objected or sought a continuance to gather additional information with respect to the "corruption of government function" factor. Any reasonable amount of advance notice by the district court, however, would have eliminated this issue on appeal. Both the court and counsel would benefit from a bright line rule. Until one is adopted, counsel would be well advised to object promptly and seek continuances routinely. District courts could avoid the resultant disruption by giving advance notice. *See United States v. Valentine*, 21 F.3d 395, 397–98 (11th Cir.1994) (holding that contemporaneous notice of departure in sentencing context is insufficient); *United States v. Jackson*, 32 F.3d 1101, 1108 (7th Cir.1994) (holding the same); *United States v. Bartsma*, 198 F.3d 1191, 1198–99 (10th Cir.1999) (holding the same in context of imposition of condition of supervised release).

The panel unanimously has voted to deny the petition for rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.