FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellant,*

v.

BRETT HAHN,
  *Defendant-Appellee.*

No. 07-30324

D.C. No.
CR-06-00064-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Chief District Judge, Presiding

Argued and Submitted
November 18, 2008—Seattle, Washington

Filed March 4, 2009

Before: Alex Kozinski, Chief Judge, Betty B. Fletcher and
Johnnie B. Rawlinson, Circuit Judges.

Per Curiam Opinion;
Concurrence by Chief Judge Kozinski

## COUNSEL

William W. Mercer (argued), Kris A. McLean, U.S. Attorney's Office, Billings, Montana, for the plaintiff-appellant.

Ryan R. Shaffer, Shaffer Law Office, P.C., Missoula, Montana, for the defendant-appellee.

**OPINION**

PER CURIAM:

On April 13, 2007, Brett Hahn pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). When he entered his guilty plea, Hahn was already serving a term of imprisonment imposed by a Montana court for state-law criminal endangerment and intimidation convictions arising out of the same set of events as his federal firearm offense.

Hahn's presentence report ("PSR") recommended a sentencing range of 37 to 46 months. The PSR identified no factors that would warrant departure from the term suggested by the Sentencing Guidelines, and it was silent regarding whether the sentence should run concurrently or consecutively to Hahn's state-law sentence. Neither party objected to the PSR's Guidelines calculation, but both Hahn and the government filed sentencing memoranda that discussed whether the district court should impose Hahn's federal sentence to run concurrently or consecutively to his state-law sentence.

In his memorandum, Hahn argued that U.S.S.G. § 5G1.3(b) required the district court to impose a federal sentence to run concurrently with his state-law sentence. Section 5G1.3(b) applies when the defendant is subject to an undischarged term of imprisonment and the prior offense (i) is relevant conduct to the instant offense and (ii) has resulted in an increase in the offense level for the instant offense. *See* U.S.S.G. § 5G1.3(b); Application Note 2(A). Hahn pointed out that he was subject to an undischarged term of imprisonment for his state-law offenses, that the state law offenses were relevant conduct to his federal offense under U.S.S.G. § 1B1.3(a)(1), and that the state-law offenses resulted in a four-point increase in his offense level under U.S.S.G. § 2K1.2(b)(6). As a result, Hahn argued, § 5G1.3(b) required the district court to adjust his sentence by 902 days for the time he had already served and to

impose a term of imprisonment to run concurrently with his undischarged state-law sentence. His argument on this point comprises nearly half of his memorandum.

In its response, the government urged the district court to exercise its discretion under 18 U.S.C. § 3584[1] to impose consecutive sentences because a concurrent sentence would not satisfy the sentencing factors in 18 U.S.C. § 3553(a).[2] The government pointed out that adjusting Hahn's sentence by 902 days and imposing a concurrent sentence would result in "essentially no period of federal incarceration." The government argued that such a sentence would not satisfy § 3553(a) in light of Hahn's extensive criminal history, the violent nature of the underlying offenses, and the need for the sentence to deter future criminal conduct.

The district court sentenced Hahn on July 25, 2007. The district court first held that U.S.S.G. § 5G1.3(b) applied, and that therefore a decision to impose a consecutive sentence rather than a concurrent sentence would be a departure requiring notice pursuant to Federal Rule of Criminal Procedure 32(h) and *United States v. Evans-Martinez*, 530 F.3d 1164, 1168 (9th Cir. 2008). Although the district court initially agreed that there was adequate notice,[3] it ultimately concluded

[1]Section 3584 states that where a defendant is subject to an undischarged term of imprisonment the court shall consider the 18 U.S.C. § 3553(a) factors in determining whether the sentences should run concurrently or consecutively. 18 U.S.C. § 3584.

[2]Section 3553(a) requires the district court to consider: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims." *United States v. Fifield*, 432 F.3d 1056, 1064 n.8 (9th Cir. 2005).

[3]"I think you're right, everybody's briefed it, so to argue that there's no notice is sort of a form over substance."

that Rule 32(h) is satisfied only if the *court itself* gives advance notice of its intent to depart. The district court found, therefore, that it was bound to impose a concurrent sentence because it did not state that it was considering a consecutive sentence before the hearing, even though it thought that a consecutive sentence would be more appropriate. The district court expressed its concern that deterrence would be compromised by a concurrent sentence because Hahn would experience no additional punishment and other prisoners would want to know how he "got away with this one." The district court also found that Hahn was a "risk to the public" and that there was a "high probability" that he would continue the criminal career he began at the age of twelve. Even though it did not think the sentence was "harsh enough", the district court imposed a high-end sentence of 46 months reduced by the 902 days Hahn had already served for his state-law offenses, to run concurrently with Hahn's state-law sentence.

The government appeals the district court's decision to impose Hahn's federal sentence to run concurrently with his undischarged state sentence. The government argues that the district court erred when it found inadequate notice because both parties briefed the issue of whether the court should impose a concurrent or consecutive sentence in their sentencing memoranda. We agree. We vacate Hahn's sentence and remand his case to the district court for resentencing.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We review the adequacy of notice under Rule 32(h) *de novo*. *Evans-Martinez*, 530 F.3d at 1167 (citing *United States v. Hernandez*, 251 F.3d 1247, 1250 (9th Cir. 2001)).

Federal Rule of Criminal Procedure 32(h) states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's

prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

**[1]** Rule 32(h)'s notice requirement survived *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory. *Evans-Martinez*, 530 F.3d at 1168. A district court's decision to impose a consecutive sentence where § 5G1.3(b) would otherwise require a concurrent sentence constitutes a departure from the Guidelines requiring notice under Rule 32(h). *See United States v. Fifield*, 432 F.3d 1056, 1061 (9th Cir. 2005).

The parties do not dispute that this case falls under § 5G1.3(b), that a decision to impose consecutive sentences where § 5G1.3(b) applies is a departure, and that as a result Rule 32(h) required that the parties have notice before the district court could impose a consecutive sentence. The parties disagree, however, about whether the arguments advanced in their sentencing memoranda provided adequate notice such that the district court could impose a consecutive sentence without running afoul of *Evans-Martinez*.

**[2]** The purpose of Rule 32 is to provide "full adversary testing of the issues relevant to a Guideline sentence[.]" *Evans-Martinez*, 530 F.3d at 1168 (quoting *Burns v. United States*, 501 U.S. 129, 135 (1991)). The parties must have notice "to ensure that issues with the potential to impact sentencing are fully aired." *Id.* Under the plain language of Rule 32(h), the PSR and the parties' own prehearing submissions can provide adequate notice of a departure. The district court itself is required to give notice of its intent to depart only when the PSR and the parties' prehearing submissions fail to identify the ground for departure. Fed. R. Crim. P. 32(h).

**[3]** Applying this principle to the current case, we find that because the parties' own sentencing memoranda discussed the

propriety of concurrent or consecutive sentences, Hahn cannot claim that he had no notice that the district court might consider imposing a consecutive sentence. Hahn raised the issue of whether the district court should impose a concurrent or consecutive sentence in his own memorandum. The government's memorandum responded to Hahn's argument that § 5G1.3(b) requires concurrent sentences and argued that a consecutive sentence would be more appropriate under 18 U.S.C. §§ 3584 and 3553. The parties further discussed the issue at the sentencing hearing. The issue was thus fully tested in the parties' memoranda and in the sentencing hearing. *See Evans-Martinez*, 530 F.3d at 1168. The district court therefore erred when it found that it was bound to impose a concurrent sentence because of its failure to give adequate Rule 32(h) notice.

## CONCLUSION

The district court erred when it found that the parties' pre-hearing submissions alone were inadequate to satisfy Rule 32(h). The parties' sentencing memoranda, which discussed whether consecutive or concurrent sentences were appropriate, provided adequate notice of the possibility that the district court might consider a consecutive sentence. The district court was not required to supplement this notice. We therefore vacate Hahn's sentence and remand to the district court for resentencing.[4]

**VACATED AND REMANDED.**

---

KOZINSKI, Chief Judge, concurring:

I join the court's opinion without reservation. I note, how-

---

[4]Because we remand for resentencing, we do not address the government's argument that the concurrent sentence was unreasonable.

ever, that even if notice *were* required by Rule 32(h), this wouldn't justify imposing a sentence that the district judge believed unreasonable. Here, the judge said that Hahn "should have a consecutive sentence, but I'm not going to impose it," and cited the lack of notice as the only reason. If a judge believes that he can't impose the right sentence without giving notice, he must give notice—and grant a continuance if necessary—rather than imposing the wrong sentence.