**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RENE CRUZ-PEREZ,
*Defendant-Appellant.*

No. 06-30343

D.C. No.
CR-05-00212-RHW

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted January 23, 2009*
Seattle, Washington

Filed June 10, 2009

Before: Robert R. Beezer, Richard C. Tallman and
Milan D. Smith, Jr., Circuit Judges.

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2).

**COUNSEL**

Kathleen Moran, Assistant Federal Public Defender, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for defendant-appellant Rene Cruz-Perez.

Pamela J. Byerly, Assistant United States Attorney, James A. McDevitt, United States Attorney for the Eastern District of Washington, Spokane, Washington, for plaintiff-appellee United States of America.

**OPINION**

TALLMAN, Circuit Judge:

Defendant-Appellant Rene Cruz-Perez ("Cruz-Perez"), a citizen of Mexico, appeals his 48-month sentence after his conviction for illegal reentry into the United States following a prior deportation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**I**

Cruz-Perez entered a plea of guilty in the Eastern District of Washington to a single count of being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. In doing so, he acknowledged that the statutory maximum sentence was 20 years and that the district court was not bound by the advisory Sentencing Guidelines ("Guidelines"). This is his third conviction for the same federal offense. Cruz-Perez has been deported from the United States on three pre-

vious occasions, and he has two prior federal convictions for illegally reentering the United States—one in the Western District of Washington and one in the District of Montana—for which he served two separate 24-month sentences.

A presentence investigation report ("PSR") was prepared and circulated to the parties. The PSR calculated an adjusted offense level of 17, which included an enhancement based on a prior California state drug offense, and a criminal history category of V. Thus, the Office of Probation calculated a Guidelines sentence range of 46 to 57 months. The PSR identified Cruz-Perez's criminal history as a factor "that may warrant a sentence outside the Guideline system."

Cruz-Perez's sentencing submissions addressed among other things his criminal record, including his multiple convictions for the same reentry offense. The Government concurred with the PSR's recommendation and, responding in part to Cruz-Perez's objections, stated: "Considering the fact the Defendant has committed this crime on more than one occasion, a sentence any lower than the advisory guideline range"—i.e., between 46 and 57 months—"is not appropriate." Cruz-Perez was thus on notice that the Government sought a term of no less than 46 months.

After several continuances, the sentencing hearing took place on May 26, 2006. Applying a *Taylor* categorical analysis, *Taylor v. United States*, 495 U.S. 575, 599-602 (1990), the district court concluded that an enhancement for Cruz-Perez's California drug offense was improper. This conclusion resulted in an adjusted offense level of 10 and an advisory Guidelines range of 21 to 27 months, substantially below that calculated in the PSR. The district court then stated that it did not deem a sentence within this Guidelines range appropriate in Cruz-Perez's case and indicated that it was contemplating a longer sentence than the Guidelines proposed based on Cruz-Perez's undeterred recidivism. At the outset of the

hearing, the sentencing judge specifically sought argument from counsel on this point:

> But I look at this case, and the man has been deported three times. He's served two sentences for this same offense, both of them for 24 months, and came back immediately. I don't believe he came back just to see his family. And I don't think a 24-month sentence or a guideline sentence is appropriate to deter him from coming back. So I'm apt to go higher. So I just wanted to tell you that so that you can address your remarks in that direction . . . .

> The two 24-month sentences he had did not deter him, and I don't think I am going to do that a third time.

Without objecting or moving for a continuance, defense counsel then delivered her argument, which directly addressed Cruz-Perez's pattern of immediately returning to the country despite incarceration and deportation, as well as other 18 U.S.C. § 3553(a) factors.

After considering the parties' arguments, the district court concluded that a sentence above the Guidelines range was justified:

> His offense is being in the United States, and he's done that twice after being prosecuted for two 24-month sentences. He also was deported a third time that didn't result in a prison term. It seems to me I have to fashion a sentence that I believe is enough but not too much to deter him from coming back, which will then protect the public from both the criminal conduct he's incurred, plus, to the extent that the public is harmed by his presence here, to prevent him from coming back. I find that the appropriate sentence, because of those considerations—for

instance, the Western District of Washington sentence was imposed on the 8th of July of '99; the one in Montana was the 24th of April of 2002; and we're back in this situation not too long after he would have completed that second sentence—that a sentence of 48 months is appropriate.

The court imposed a 48-month sentence, followed by three years of supervised release. Defense counsel was given an opportunity to comment before the final sentence was pronounced, but made no mention of deficient notice. This appeal followed.

## II

Cruz-Perez argues that the district court erred in imposing a sentence above the Guidelines range without providing him adequate prior notice under Federal Rule of Criminal Procedure 32(h). Rule 32(h) states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating departure.

FED. R. CRIM. P. 32(h). "[W]hat constitutes reasonable notice will vary depending on the circumstances of the particular case." *United States v. Erpenbeck*, 532 F.3d 423, 443 (6th Cir. 2008). Because Cruz-Perez failed to object at sentencing to the adequacy of notice, his claim is reviewed for plain error. *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008).[1]

---

[1]Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). "If

There is an initial question whether Cruz-Perez's 48-month sentence constitutes a "variance" from or, as Cruz-Perez maintains, a "departure" within the Guidelines scheme. A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. *See, e.g.*, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K2.0. It is frequently triggered by a prosecution request to reward cooperation, *see* U.S.S.G. § 5K1.1, or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. *See United States v. You*, 382 F.3d 958, 967 (9th Cir. 2004). A "variance," by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a). *See United States v. Autery*, 555 F.3d 864, 872 n.7 (9th Cir. 2009) (quoting *United States v. Smith*, 474 F.3d 888, 896 n.3 (6th Cir. 2007) (Gibbons, J., concurring)).

The Supreme Court in *United States v. Irizarry*, 128 S. Ct. 2198 (2008), held that, if a sentence is a "variance," the district court is not required by Rule 32(h) to give advance notice before imposing a sentence outside of the advisory Guidelines range. *United States v. Orlando*, 553 F.3d 1235, 1238 (9th Cir. 2009) (citing *Irizarry*, 128 S. Ct. at 2203); *see United States v. Blackie*, 548 F.3d 395, 403-04 (6th Cir. 2008) ("Here, the district court imposed a non-Guidelines sentence —a variance. Therefore, pursuant to *Irizarry*, Rule 32(h) does not apply to Blackie's sentence." (citation omitted)). Rule 32(h) was first promulgated to reflect the Court's decision in *Burns v. United States*, 501 U.S. 129 (1991), which was

all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 n.3 (9th Cir. 2006)).

decided in the era of mandatory Sentencing Guidelines. *See Irizarry*, 128 S. Ct. at 2205 (Breyer, J., dissenting) (citing Advisory Committee's Notes on Fed. R. Crim. P. 32, 18 U.S.C. App. 1141 (2000 ed., Supp. II)). In refusing to extend the rule to "variances," the Court in *Irizarry* made clear that "[a]ny expectation subject to due process protection at the time we decided *Burns* that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the Court's] decision in *United States v. Booker*," 543 U.S. 220 (2005) (invalidating the mandatory feature of the Guidelines). *Irizarry*, 128 S. Ct. at 2202. Therefore, whether "notice [of a contemplated non-Guidelines sentence] in this setting is mandated by the Due Process Clause" is no longer a question we need to confront. *Id.* While "Rule 32(h) remains in effect today[,] . . . the justification for [the Court's] decision in *Burns* no longer exists." *Id.* at 2203.

In the instant case, it matters not whether we characterize what occurred here as a "variance" or a "departure." "The purpose of Rule 32 is to provide 'full adversary testing of the issues relevant to a Guideline sentence' . . . [and] 'to ensure that issues with the potential to impact sentencing are fully aired.' " *United States v. Hahn*, 557 F.3d 1099, 1102 (9th Cir. 2009) (quoting *Evans-Martinez*, 530 F.3d at 1168). Under the plain language of Rule 32(h), for example, "[t]he district court itself is required to give notice of its intent to depart only when the PSR and the parties' prehearing submissions fail to identify the ground for departure." *Id.*

Applying this principle to the current case, Cruz-Perez cannot credibly argue that, because of a lack of notice, he did not have an opportunity to prepare arguments against the sentence imposed. He does not point to any undisclosed ground upon which the court relied in imposing an above-Guidelines sentence. He also had ample notice that the court would consider his lengthy criminal record—namely, his repeated illegal reentries into the United States, undeterred by multiple prior convictions, incarcerations, and deportations—when fashion-

ing an appropriate sentence. "Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise to trial lawyers who have prepared for sentencing." *Irizarry*, 128 S. Ct. at 2203 (quoting *United States v. Vega-Santiago*, 519 F.3d 1, 5 (1st Cir. 2008)).

Cruz-Perez's due process rights are not at issue. Nevertheless, "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues." *Id*. That occurred here. Cruz-Perez was well apprised of the grounds that might lead to a sentence outside of the advisory Guidelines range. The PSR stated as much and, moreover, proposed a 46-to-57-month sentence. The Government's prehearing submissions asserted that, given Cruz-Perez's criminal history, any sentence below 46 months was inadequate. The sentencing judge also expressly informed the parties at the outset of sentencing that he was inclined to impose a sentence greater than Cruz-Perez's two prior 24-month terms and the final calculated Guidelines range based on his persistent and undeterred reentries into the United States. Cruz-Perez and his lawyer had ample opportunity to comment on all grounds material to the sentencing determination and the precise issue was fully aired and tested in the adversarial process.

## III

The district court appropriately exercised its discretion when it sentenced Cruz-Perez to 48 months, a sentence above the applicable Guidelines range. The grounds for the district court's imposition of this above-Guidelines sentence were clearly presented in the PSR and explored by the parties in both their written submissions and oral arguments. No objection for untimely notice or request for continuance was made. Even assuming that the sentence imposed was subject to Rule

32(h), Cruz-Perez received sufficient advance notice of the factors that warranted the sentence imposed.

**AFFIRMED**.