

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30126 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-05407-RBL-3 |
| v. | |
| BRYAN M. SMITH, | MEMORANDUM [*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30159 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-05407-RBL-1 |
| v. | |
| BRETT M. SMITH, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 5, 2010
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:  ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Appellant Bryan Smith (Bryan) challenges his fifty-four month prison term following his conviction of one count of mail fraud.  Bryan contends that the sentence above the recommended Sentencing Guidelines (Guidelines) range was substantively unreasonable because the district court improperly considered his leadership role in its analysis of the 18 U.S.C. § 3553(a) factors.

Appellant Brett Smith (Brett) challenges his one hundred and twenty-month sentence following his conviction of one count of mail fraud.  Brett maintains that the district court erred in denying a continuance so that he could address the above-Guidelines sentence imposed.  Brett also contends that the above-Guidelines sentence was substantively unreasonable because the district court improperly emphasized the need for general deterrence.  We affirm the sentences imposed as to both defendants.

1.     In its consideration of the 18 U.S.C. § 3553(a) factors, the district court was not precluded from considering Bryan Smith's leadership role, although that factor was already accounted for in the Guidelines computation.  *See United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009).  In any event, the district court properly relied on several factors independent of Bryan's leadership role to support

an above-Guidelines sentence. *See id.* ("It was the district court's prerogative to impose a sentence based on the totality of the circumstances. The court's conclusions were reasonable, substantiated by the record, and evaluated with careful reference to the § 3553(a) factors.") (citations omitted).

2. Because the district court's sentence of Brett Smith was a variance under 18 U.S.C. § 3553(a) rather than a departure from the Guidelines, the district court was not required to continue the hearing. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 934-35 (9th Cir. 2009). Moreover, Brett's counsel had a meaningful opportunity to address the sentencing factors. *See United States v. Cruz-Perez*, 567 F.3d 1142, 1147 (9th Cir. 2009) ("Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise to trial lawyers who have prepared for sentencing.") (citation omitted).

3. Brett Smith's sentence was substantively reasonable. The district court did not improperly emphasize general deterrence in its consideration of the § 3553(a) factors, and appropriately "tailor[ed] the sentence to the seriousness of [Brett's] conduct . . ." *United States v. Hilgers*, 560 F.3d 944, 947 (9th Cir. 2009) (citation

omitted); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), *as amended* ("As noted, deterrence was one factor the court considered in determining the sentence.  Contrary to [the defendant's] contention, the court did not give that factor impermissible weight or ignore or downplay the other factors.").

**AFFIRMED.**