**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10141 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01004-DCB-JJM-1 |
| v. | |
| JESUS BURRUEL-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jacqueline Marshall, Magistrate Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Following his guilty plea to illegal re-entry after deportation, Jesus Burruel-Lopez ("Burruel") appeals the district court's rejection of his plea agreement's stipulated sentence and the adequacy of notice for an above-Guidelines sentence of 36 months. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

District courts have broad discretion in choosing whether to accept or reject plea agreements. *In re Morgan*, 506 F.3d 705, 708 (9th Cir. 2007). Here, the district court did not apply a categorical rule, but analyzed Burruel's circumstances and offered specific, individualized reasons why the proposed sentence was insufficient, including Burruel's criminal history, past sentences for the same offense, and lack of deterrence; therefore, the court did not abuse its discretion. *See id.* at 712.

Burruel also claims he did not receive adequate notice under Federal Rule of Criminal Procedure 32(h) of the court's intention to sentence him outside the Guidelines range. However, under the Supreme Court's decision in *Irizarry v. United States*, 553 U.S. 708 (2008), the terms "variance" and "departure" have separate and distinct meanings, and Rule 32(h) notice is only required when there is a "departure" from the Sentencing Guidelines. *Id.* at 715-16.

As we have explained:

> A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. *See, e.g.*, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K2.0. It is frequently triggered by a prosecution request to reward cooperation, *see* U.S.S.G. § 5K1.1, or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. *See United States v. You*, 382 F.3d 958, 967 (9th Cir. 2004). A "variance," by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a). *See United States v. Autery*, 555 F.3d 864, 872

n.7 (9th Cir. 2009) (quoting *United States v. Smith*, 474 F.3d 888, 896 n.3 (6th Cir. 2007) (Gibbons, J., concurring)).

*United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009).

Here, a review of the sentencing hearing reveals that the district court's reasons for imposing the above-Guidelines sentence are based on a variety of the factors identified in § 3553(a), including the nature and circumstances of the offense, the history and characteristics of Burruel, and the need for the sentence imposed. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009). As a variance under § 3553(a), Rule 32(h) does not apply, and there was no error. *Id.*

Even assuming the district court imposed a "departure" rather than a "variance," we would nonetheless affirm because there is no plain error. At the outset of the sentencing hearing, the court indicated the stipulated sentence was too lenient, pointed out that the Guidelines were not binding on it, and inquired about the statutory maximum for the crime. *See United States v. Hernandez*, 251 F.3d 1247, 1252 (9th Cir. 2001) (notice at beginning of hearing sufficient). Moreover, Burruel cannot demonstrate how he was prejudiced by the lack of notice; he does not suggest how his argument would have differed had he received earlier notice. *See Irizarry*, 553 U.S. at 716 ("Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not

3

generally come as a surprise to trial lawyers who have prepared for sentencing.")

(quoting *United States v. Vega-Santiago*, 519 F.3d 1, 5 (1st Cir.2008)).  Any error did

not affect Burruel's substantial rights.

    **AFFIRMED**.