**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50645 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03032-GT-1 |
| v. | |
| LUIS ALBERTO MARTINEZ-HUERTA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: PREGERSON and CLIFTON, Circuit Judges, and HOLLAND, Senior
District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

1

Luis Alberto Martinez-Huerta ("Martinez-Huerta") pleaded guilty to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court imposed a 30-month sentence that departed from the United States Sentencing Guidelines ("Guidelines") advisory range without sufficient notice to Martinez-Huerta that it intended to do so. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

While the district court used the term "departure" during the sentencing hearing, it is clear that, in context, the court viewed the increase in sentence it was imposing as a "variance" instead. The reasons for the increase away from the Guidelines' recommended range of 18 to 24 months' imprisonment were based on facts, not law. Moreover, the calculated Guidelines range did not reflect an upward departure. *See United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009) ("A 'departure' is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves."). Instead, the district court exercised its authority under *United States v. Booker,* 543 U.S. 220, 226 (2005), to vary from the advisory guideline range by imposing a higher sentence.

Advance notice of the possibility of a variance is not required by Federal Rule of Criminal Procedure 32(h), which only applies to departures. But, whether

2

the sentencing court intended to depart or to vary from the recommended Guidelines range, Martinez-Huerta was on notice that the district court would consider a higher sentence. The presentence report, which recommended a sentence of 30 months' imprisonment, was available to Martinez-Huerta long before the sentencing hearing. Martinez-Huerta must have recognized the possibility that the district court would consider a higher sentence in light of the report. He had ample opportunity to respond to the presentence report's recommendation, and, in fact, he did so in writing before the sentencing hearing.

"[W]hether the district court imposed a sentence inside or outside the applicable advisory range, we determine whether the sentence is reasonable." *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir. 2006). Martinez-Huerta's sentence was six months higher than the recommended range but within the range calculated from his total offense level and criminal history category. The district court considered all of the 18 U.S.C. § 3553(a) factors and determined that Martinez-Huerta's history of illegal reentry, and the need for deterrence, warranted an increased sentence. Thus, it was not unreasonable for the court to impose a sentence of 30 months. *Id.*

**AFFIRMED.**