MERRITT, Circuit Judge,
dissenting.
I do not disagree with our court’s opinion in this case except for the 21-month additional sentence based in part on local corruption in Cleveland.
In Irizarry v. United States, 553 U.S. 708, 715, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), the Supreme Court established a procedural principle for sentencing cases — • a principle my colleagues do not take seriously in their treatment of the 21-month upward adjustment in this case:
Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues. We recognize that there will be some cases in which the factual basis for a particular sentence will come as a surprise to a defendant or the Government.
(Emphasis supplied.) This is such a case. There is nothing in the record to suggest that the district court was contemplating an upward adjustment (in sentencing law the word “adjustment” includes both variances and departures) for local corruption in Cleveland based on newspaper stories or other sources. Neither the presentence report nor the government hinted at such a thing. In fact, the presentence report gave notice of sentencing factors potential *855 ly warranting a downward adjustment under § 3553(a), and the government, for its part, specifically asked the court to sentence Watkins within, not above, the Guidelines. The dearth of notice in this case is especially troubling because local conditions are not “[gjarden variety considerations” that a competent lawyer would naturally anticipate and prepare for prior to sentencing. Id. at 716, 128 S.Ct. 2198 (internal quotation marks omitted).
It is true, as the majority says, that we frequently use the expression “abuse of discretion” to describe our mind-set when reviewing cases. But as Judge Calabresi pointed out in an en banc opinion that addressed a sentencing increase based on local conditions, this standard of review is elastic and its scope should reflect an appellate court’s careful consideration of the circumstances presented by each case:
One question especially relevant to sentencing judges is to what extent may a district court, consistent with its statutory duty to consider the Guidelines, base its sentence on a policy disagreement with the Sentencing Commission? The second question, especially relevant to courts of appeals, is to what extent must appellate courts defer to the decisions of district courts? As Judge Henry Friendly presciently noted, abuse of discretion is not a uniform standard of review. Henry J. Friendly, Indiscretion About Discretion, 31 EmoRY L.J. 747, 756 (1982). Rather, where an appellate court reviews for abuse of discretion, ‘“the scope of review will be directly related to the reason why the category or type of decision is committed to the trial court’s discretion in the first instance.’ ” Id. at 764 (quoting United States v. Criden, 648 F.2d 814, 817 (3d Cir.1981)). “[Djefining the proper scope of review of trial court determinations requires considering in each situation the benefits of closer appellate scrutiny as compared to those of greater deference.” Id. at 756.
United States v. Cavera, 550 F.3d 180, 188 (2d Cir.2008) (en banc) (citations and alterations in original).
Here, where a principle of sentencing — a “sound practice” — announced by the Supreme Court limits the sentencing court’s discretion, we must also follow that principle in our review and ensure that the parties were afforded “an adequate opportunity to confront and debate the relevant issues.” Irizarry, 553 U.S. at 715, 128 S.Ct. 2198. The defense in this case was deprived of such an opportunity. I would therefore reverse and remand for a new hearing to address the basis for and propriety of an above-Guidelines sentence that is based in part on local conditions.
The majority opinion states in footnote 5 that the issue regarding the 21-month additional sentence based on local corruption has been “forfeited” because “the parties fail to object below or to brief this issue on appeal.” In his brief submitted to this court, however, Watkins spends pages 50-59 complaining about the additional 21-month sentence that the district court imposed. For example, on pages 51-52, Watkins cites directly to the district court’s sentencing memorandum and argues as follows: The district court did not specify which corruption cases it was referring to, and acknowledged few sentences had been issued, but nonetheless varied upward:
Due to the vast number of guilty pleas already generated, there is no question that bribery and corruption has run amok. Watkins contributed to that problem. As such, general deterrence in this arena is important to this court and that importance is reflected in the ultimate sentence chosen by the Court.
(Br. for Def.-Appellant 51-52.)
Further, even if Watkins had forfeited his right to challenge the upward adjust *856 ment based on local conditions, his claim survives plain error review. See United States v. Olano, 507 U.S. 725, 733-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (explaining how plain error applies to forfeited claims). The district court first mentioned its intention to increase Watkins’s sentence based on local corruption at the close of the sentencing hearing, after the parties had already presented their arguments. This can hardly constitute adequate notice. At the very least, the district court should have indicated to the parties at the outset of the hearing that it was contemplating an above-Guidelines sentence based on “rampant corruption” in Cleveland and solicited meaningful argument on that issue. Cf. United States v. Cruz-Perez, 567 F.3d 1142, 1147 (9th Cir. 2009) (finding no plain error where “the sentencing judge ... expressly informed the parties at the outset of sentencing that he was inclined to impose a sentence greater than ... the final calculated Guidelines range based on [defendant’s] persistent and undeterred” recidivism.). Again, the district court’s failure to ensure even this minimal amount of advance notice deprived the parties of an opportunity to “confront and debate the relevant issues.” Irizarry, 553 U.S. at 715, 128 S.Ct. 2198.
Also, I do not regard the language quoted above from the Supreme Court in the Irizarry case as having no authoritative or persuasive force. Giving parties — the defendant or the government — advance notice and an opportunity to marshal evidence and authority on an unanticipated issue seems like a good idea to me, as it did to all of the members of the Supreme Court, and certainly enhances the fairness of the sentencing procedures.