NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-50472 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:10-cr-04831-BTM-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ANTONIO JOSE | ) | |
| VARGAS-SORIANO, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before:     EBEL,[**] FERNANDEZ, and BERZON, Circuit Judges.

Antonio Jose Vargas-Soriano appeals his sentence for attempted entry after

removal.  See 8 U.S.C. § 1326(a).  We affirm.

(1)     Vargas first asserts that he did not receive notice that the district court

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable David M. Ebel, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

would consider departing from its calculated guideline range. See Fed. R. Crim. P. 32(h). We disagree. Because Vargas did not raise the issue at the district court, we review for plain error. See United States v. Cruz-Perez, 567 F.3d 1142, 1146 & n.1 (9th Cir. 2009); United States v. Evans-Martinez, 530 F.3d 1164, 1167 (9th Cir. 2008). There was no plain error. At the start of the proceeding, the district court did inform Vargas of the possibility that it would depart,[1] and the government had given notice that it would seek a sentence above the calculated guideline range at the time it filed its papers,[2] but Vargas neither sought a continuance[3] nor gave any indication that he was surprised or discommoded under the circumstances.

(2) Vargas then procedurally attacks the details of the district court's departure discussion. We reject that attack on two separate bases.

(a) On this record, the district court did not procedurally err[4] when it decided to depart on the ground that the seriousness of Vargas's prior conviction

---

[1]See United States v. Hernandez, 251 F.3d 1247, 1251 n.4 (9th Cir.), amended by 280 F.3d 1216 (9th Cir. 2001).

[2]See United States v. Hahn, 557 F.3d 1099, 1102 (9th Cir. 2009) (per curiam); United States v. Hinojosa-Gonzalez, 142 F.3d 1122, 1123 (9th Cir. 1998) (per curiam).

[3]We note that the district court offered him the opportunity to request a continuance, but he declined.

[4]United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

2

for child abuse would otherwise be understated in the unlawful entry offense level calculation,[5] and on the ground that dismissal of the related charge of aggravated identity theft[6] also resulted in an understatement of the seriousness of the offense conduct at hand.[7] To the extent that Vargas actually intends to suggest that the district court did not adequately explain the seven-month departure, we disagree because it was clearly and extensively explained.[8] Moreover, giving proper deference to the district court, we perceive nothing unreasonable in the extent of the departure.[9]

       (b)    If we limit our consideration of the propriety of the departure to substantive reasonableness alone,[10] we, again, perceive nothing substantively unreasonable in the extent of the departure.[11]

AFFIRMED.

---

[5]See USSG §2L1.2(b)(1) & comment. (n.7).

[6]See 18 U.S.C. § 1028A.

[7]See USSG §5K2.21.

[8]See Carty, 520 F.3d at 992.

[9]See id. at 993.

[10]See United States v. Vasquez-Cruz, No. 11-10467, slip op. 10239, 10245–51 (9th Cir. Aug. 30, 2012); United States v. Ellis, 641 F.3d 411, 421 (9th Cir. 2011); United States v. Mohamed, 459 F.3d 979, 987 (9th Cir. 2006).

[11]See Carty, 520 F.3d at 993.

3