NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DAMION RYAN LONEMAN, <br><br> Defendant-Appellant. | No.   16-30309 <br><br> D.C. No. 4:16-cr-00105-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Damion Ryan Loneman challenges the 172-month sentence imposed following his guilty-plea conviction for assault with intent to commit murder, in violation of 18 U.S.C. §§ 113(a)(1) and 1153.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Loneman contends that the district court erred in failing to provide notice to the parties, pursuant to Federal Rule of Criminal Procedure 32(h), of its intent to depart from the applicable Sentencing Guidelines range.  We review for plain error and find none.  *See United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009).  The record shows that the district court relied on the 18 U.S.C. § 3553(a) factors when it imposed a sentence above the Guidelines range agreed upon by the parties.  Because the court's sentence was the result of a variance under section 3553(a), not a departure based on a provision of the Guidelines, Rule 32(h) does not apply.  *See Irizarry v. United States*, 553 U.S. 708, 714 (2008).

Loneman also contends that his sentence is arbitrary and unreasonable.  The district court did not abuse its discretion in imposing Loneman's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Loneman's violent criminal history, the need to protect the public, and the seriousness of the offense.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**