NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10122 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-08013-DJH-1 |
| v. | |
| ARLOW ANTONE KAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 14, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and ZILLY,[***]
District Judge.

Arlow Antone Kay was charged with second-degree murder, but was found

guilty on only the lesser-included offense of voluntary manslaughter, and was

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

sentenced to a term of 168 months. Kay raises both procedural and substantive challenges to his sentence, and also assigns error to certain aspects of the various conditions of supervised release imposed by the district court. The government concedes that the supervised release conditions contain two flaws. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for the purpose of removing from the judgment the two requirements of supervised release that are improper.

Kay's contention, raised for the first time on appeal, that he did not receive adequate notice of the grounds on which the district court relied in imposing a sentence above the applicable range under the United States Sentencing Guidelines ("U.S.S.G.") is reviewed for plain error. *United States v. Kaplan*, 839 F.3d 795, 803 (9th Cir. 2016); *see* Fed. R. Crim. P. 52(b). The substantive reasonableness of Kay's sentence is reviewed for abuse of discretion. *Kaplan*, 839 F.3d at 804.

Kay asserts that the district court's sentencing decision should be treated as a "departure" from the applicable Guidelines and that, pursuant to Federal Rule of Criminal Procedure 32(h), he was entitled to advance notice of the district court's intent to rely on two provisions of the Guidelines, namely U.S.S.G. §§ 5K2.1 and 5K2.6, that were not referenced in either the Presentence Investigation Report ("PSR") or the government's sentencing memorandum. We need not decide whether the district court engaged in a "departure" or a "variance," which is not

governed by Rule 32(h), *see Irizarry v. United States*, 553 U.S. 708 (2008), because, even if a "departure" occurred, Kay received all the notice that was due. Both the PSR and the government's sentencing memorandum relied on U.S.S.G. § 5K2.8 to recommend an above-Guidelines sentence, and the district court's references to U.S.S.G. §§ 5K2.1 and 5K2.6 were essentially redundant. Kay fails to show how any lack of notice inhibited his ability to prepare for sentencing or affected his substantial rights. *See United States v. Cruz-Perez*, 567 F.3d 1142, 1147 (9th Cir. 2009).

The district court acted within its discretion in requiring Kay to serve a term of 168 months. It appropriately calculated the applicable Guidelines range and then articulated specific grounds for deviating from the range. Kay's arguments that the district court relied on impermissible grounds in imposing the sentence at issue ignore the standard of review that applies in light of *United States v. Booker*, 543 U.S. 220 (2005), pursuant to which we need not consider whether the district court correctly applied a departure provision set forth in the Guidelines, but rather review the deviation from the applicable range for reasonableness. *United States v. Tankersley*, 537 F.3d 1100, 1113-14 & n.12 (9th Cir. 2008); *see Kaplan*, 839 F.3d at 804; *United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006). The sentence at issue was "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), and reasonable.

The government concedes the requirements that Kay (i) submit to searches of his computers, electronic communications, and data storage devices or media, and (ii) warn other occupants of shared premises about the potential for searches were not appropriately included in one of the conditions of supervised release. The district court is directed on remand to amend the judgment accordingly.

Kay contends that two other supervised release conditions, which require him to timely report being "arrested or questioned" by a law enforcement officer and prohibit him from owning, possessing, or having access to a "dangerous weapon," are unconstitutionally vague. We need not decide whether Kay's void-for-vagueness challenge is subject to plain error or de novo review because, either way, it lacks merit. Neither condition is expressed in language "so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**