NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30148 |
| Plaintiff-Appellee, | D.C. Nos.<br>4:20-cr-00083-BMM-1<br>4:20-cr-00083-BMM |
| v. | |
| CHRISTOPHER GEORGE FOLLETTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted March 10, 2022
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Christopher George Follette appeals his 60-month sentence for sexual abuse

of a minor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Follette argues that the district court upwardly departed from the

applicable Sentencing Guidelines range without giving him notice under Federal

Rule of Criminal Procedure 32(h). However, as the transcript of the sentencing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

hearing and the district court's subsequent statement of reasons make clear, the court imposed a *variance* from the Guidelines range under 18 U.S.C. § 3553(a), not a departure. *See United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009) (explaining the difference between a departure and a variance).

The district court specifically stated that it "considered . . . all of the factors in [§ 3553(a)]," including "Mr. Follette's history and characteristics" and "the seriousness of this offense." It explained that it was "deeply troubled" by the conduct and circumstances of the case, specifically that Follette was the victim's stepfather, the victim was a 13-year-old child, and the abuse was systematic and prolonged. It also considered the goal of avoiding disparate sentences with other similarly situated defendants. These considerations fall squarely within the § 3553(a) factors.

In its subsequent written statement of reasons, the district court was explicit that the sentence reflected a variance and not a departure. On this record, the district court's one-time use of the term "departure" during the hearing does not alter our conclusion. Accordingly, Rule 32(h) notice was not required. *See United States v. Rangel*, 697 F.3d 795, 801 (9th Cir. 2012) ("[The Rule 32(h)] notice requirement does not apply, however, to a 'variance' under § 3553(a).").

2. Follette also challenges the district court's consideration of sentences imposed in two of its prior cases involving sexual crimes. While Follette does not

2

dispute that the district court can and should consider sentence disparities amongst similarly situated defendants under § 3553(a)(6), he contends that the lack of advance notice in the present case violated the court's obligation to "allow the parties' attorneys to comment on . . . matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). Because Follette did not specifically object to the lack of notice before the district court, *see United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012), we review for plain error, *see United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008).

To succeed on plain error review, the alleged error must be clear or obvious and Follette must show that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734–35 (1993). Neither requirement is satisfied. While we have required notice when the district court relies on new factual information in sentencing a defendant, *Warr*, 530 F.3d at 1162–63, Follette cites to no case requiring notice when the district court relies on its judicial experience of comparable cases in weighing the § 3553(a) sentencing factors.

Nor does Follette demonstrate that the alleged error affected his substantial rights. *See United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019) (en banc) (noting that an error affects substantial rights if the defendant can "demonstrate a reasonable probability that [he] would have received a different sentence if the district court had not erred" (alteration in original)). The district court emphasized

that the defendants in the two prior cases received substantial sentences yet engaged in either a single instance of indirect physical contact with the victim or no physical contact with the victim at all. Follette's conduct was comparatively more serious; he engaged in intercourse with the minor victim on 15 to 20 occasions, ultimately resulting in her impregnation.

Follette provides no grounds for distinguishing those cases that would have been material to the district court's analysis. Follette argues that his counsel would have distinguished the first case raised by the court based on the government's divergent charging decisions. But, as explained above, the district court's primary concern was the relative seriousness of the conduct underlying the charges. Moreover, counsel did in fact raise, and the district court considered, the impact of prosecutorial discretion. As for the second case raised by the district court, Follette does not contend that his counsel was unable to provide meaningful comment; indeed, his counsel represented that defendant and was thus familiar with the facts.[1]

The district court's thorough consideration of the § 3553(a) factors, particularly the nature and circumstances of the offense, the seriousness of the offense, and Follette's history and characteristics, further undermines Follette's

---

[1] Follette's argument that the district court relied on a third case raised by the government at the sentencing hearing lacks record support.

assertion that any error was prejudicial. *See Warr*, 530 F.3d at 1163.

**AFFIRMED.**